**Donald R. LASSMAN, Chapter 7 Trustee in Bankruptcy of Yorke W. Murphy, Plaintiff,**

**v.**

**UNITED STATES of America and Francisca T. Murphy, a/k/a Francesca T. Murphy, Defendant.**

**No. Civ.A. 97–11567–REK.**

United States District Court,
D. Massachusetts.

June 29, 1998.

Charles J. Cannon, U.S. Department of Justice, Tax Division, Washington, DC, Mark Roder, Kassler & Feuer, P.C., Boston, MA, Susan M. Poswistilo, United States Attorney's Office, United States Courthouse, Boston, MA, for Donald R. Lassman.

Charles J. Cannon, U.S. Department of Justice, Tax Division, Washington, DC, Susan M. Poswistilo, United States Attorney's Office, United States Courthouse, Boston, MA, for Francisca T. Murphy and U.S.

### Memorandum and Order

KEETON, District Judge.

Pending before the court are the following filings:

(1) United States' Motion for the Entry of Judgment by Default Against the Defendant Francisca T. Murphy and for the Distribution of the Interpled Fund to the United States (Docket No. 16, filed March 16, 1998);

(2) Plaintiff's Motion for an Order Discharging Plaintiff (Docket No. 17, filed March 18, 1998);

(3) Defendant Francesca T. Murphy's Objection to Plaintiff's Motion for an Order Discharging Plaintiff and for the Distribution of Interplead Funds to the United States (IRS) (Docket No. 18, filed March 31, 1998).

Francesca T. Murphy's opposition is based on alleged representations to her by the Trustee (Lassman) (she not being represented by counsel) that led her to believe that objection to payment into the registry of the court would be "frivolous and only serve to increase the Trustee fees against the bankruptcy estate of her husband Yorke W. Murphy," and that "once the sum was placed with this honorable Court, she could then dispute the IRS lien as relates to this sum directly with the IRS." Docket No. 18 at 1. Her objection, though stating that she "makes claim to the interpleaded funds" and objects "to any disbursement of interpleded funds to the United States (IRS)," states no basis for her claim. *Id.* at 2.

A default in this civil action was entered by the clerk of this court against the Defendant Francisca (also known as Francesca) T. Murphy under Rule 55(a) of the Federal Rules of Civil Procedure on December 15, 1997. In these circumstances the objection filed on March 31, 1998 is untimely. Also, it fails to state any ground for her alleged claim. Even if she relied on what she was led to believe in her conversation with the Trustee of her husband's estate in bankruptcy, this does not entitle her to have the default that was properly entered against her by the Clerk of this court set aside when she has not submitted to the court along with her late-filed objection any proffer of admissible evidence to support her claim, or even allegations with respect to what such evidence would be.

In these circumstances, I conclude that the proper disposition of these pending matters is to overrule Francesca T. Murphy's objection and allow the two motions that are pending for decision.

### ORDER

For the foregoing reasons, it is ORDERED:

(1) United States' Motion for the Entry of Judgment by Default Against the Defendant Francisca T. Murphy and for the Distribution of the Interpled Fund to the United States (Docket No. 16) is ALLOWED.

(2) Plaintiff's Motion for an Order Discharging Plaintiff (Docket No. 17) is ALLOWED.

(3) Defendant Francesca T. Murphy's Objection to Plaintiff's Motion for an Order Discharging Plaintiff and for the Distribution of Interplead Funds to the United States (IRS) (Docket No. 18) is OVERRULED.

(4) The Clerk is directed to enter on a separate document a Final Judgment accordingly.

### Final Judgment

For the reasons stated in the Memorandum and Order of June 26, 1998, it is ORDERED:

(1) The Plaintiff, Donald R. Lassman, as he is the Chapter 7 Trustee in Bankruptcy of Yorke W. Murphy, is ORDERED to pay to the United States of America the sum of $15,491.77, plus any interest accumulated thereon during the pendency of this civil action, that the Plaintiff holds as Chapter 7 Trustee in Bankruptcy of Yorke W. Murphy (which is the subject of this interpleader action). Upon such payment, the Plaintiff, Donald R. Lassman, Chapter 7 Trustee in Bankruptcy of Yorke W. Murphy is hereby discharged from any liability whatsoever to the Defendants the United States of America and Francisca T. Murphy with respect to payment of said $15,492.77 and accumulated interest. The Defendants are hereby perpetually enjoined and restrained from making any claims against the Plaintiff on account of payment of said $15,492.77 and accumulated interest to the Defendant the United States of America, said sum representing a 1/6th share of the proceeds from the sale of 27 Harrison Street, Framingham, subject to a tax lien filed against the property by the United States of America.

(2) This case is closed.